1
2
3
4
5

Trisha Sharma (OR Bar No. 235094)
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211
Phone: (507) 990-2617
Email: tsharma@biologicaldiversity.org
*Pro Hac Vice*

6
7
8
9
10

Brian Segee (Cal. Bar No. 200795)
Center for Biological Diversity
226 W. Ojai Ave., Ste. 101-442
Ojai, CA 93023-3278
Phone: (805) 750-8852
Email: bsegee@biologicaldiversity.org
*Pro Hac Vice*

11

Attorneys for Plaintiff

12
13
14

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**
**TUCSON DIVISION**

15
16
17
18
19
20

| | |
|---|---|
| Center for Biological Diversity, a non-profit organization, | Case No.: CV-24-02215-PHX-JJT |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| v. | |
| U.S. Air Force, Air National Guard | |
| Defendants. | |

21
22

**INTRODUCTION**

23
24
25
26
27
28

1.    In this civil action for declaratory and injunctive relief, Plaintiff Center for Biological Diversity ("Center") sues over the failure of Defendants U.S. Air Force and U.S. Air National Guard (collectively "USAF") to comply with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, in order to compel USAF to produce responsive records sought in the Center's December 20, 2022 FOIA requests to three of its bases.

1    2.    FOIA requires that federal agencies respond to public requests for records,

2 to increase public understanding of the workings of government and access to

3 government information.  Plaintiff's request seeks eight categories of records

4 documenting missions, operational plans, and training exercises associated with the

5 USAF and National Guard using 10 specified Military Operation Areas ("MOAs") and

6 specific information regarding the *Regional Special Use Airspace Optimization to*

7 *Support Air Force Missions in Arizona* ("*SUA Optimization in Arizona*") proposal.

8    3.    The records sought pertain to a proposal by the USAF to create low-level

9 supersonic airspace across southeast Arizona and southwest New Mexico. The proposal

10 seeks to authorize low-level fighter jet maneuvers and supersonic flights that would

11 cause sonic booms above rural and tribal communities, important wilderness and

12 conservation areas, and national monuments. The proposal threatens to impact millions

13 of acres of federal public land, increasing risk of wildfire and pollution and disrupting

14 sensitive wildlife and ecosystems.

15    4.    The *SUA Optimization in Arizona* proposal is controversial and has

16 garnered public interest and concern over its impacts to public lands, communities, and

17 wildlife. Despite this interest and concern, the public lacks key information about the

18 proposal. The Center intends to use the requested information to better understand

19 whether USAF's actions are in compliance with relevant regulations that promote

20 environmental conservation and to inform the public about these issues. The Center has

21 a history of requesting such information and disseminating it to the public.

22    5.    The Center's requests to Luke Air Force Base, Davis-Monthan Air Force

23 Base, and Morris Air National Guard were met with months of silence, denial of fee

24 waivers to which the Center was entitled, and an excessive fee assessment in the amount

25 of $61,000. Upon appeal, Luke Air Force Base agreed that the Center was entitled to a

26 fee waiver and that it would process the request while providing "weekly updates."

27 Since then, the Center has received no determination or estimated completion date for

28 the request. Davis-Monthan Air Force Base has not responded to the Center's appeal of

Complaint for Declaratory and Injunctive Relief                                    Page 2

1    its fee waiver denial, and Morris Air National Guard has not processed the Center's

2    request beyond a partial transfer of the request.

3         6.      The Center requests declaratory relief establishing that USAF's ongoing

4    failure to disclose requested documents is unlawful, and injunctive relief directing USAF

5    to promptly disclose all requested documents.

6                          **JURISDICTION AND VENUE**

7         7.      This Court has jurisdiction over this matter pursuant to FOIA, 5 U.S.C. §

8    552(a)(4)(B), and 28 U.S.C. § 1331 (federal question jurisdiction).

9         8.      Venue is proper in this Court pursuant to 5 U.S.C. §552(a)(4)(B) and 28

10   U.S.C. § 1391(e) because a substantial part of the events or omissions giving rise to

11   Plaintiff's claims occurred within this District. In addition, Plaintiff's primary office is

12   located within this District.

13        9.      Injunctive relief is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28

14   U.S.C. § 2202. Declaratory relief is appropriate under 28 U.S.C. § 2201.

15                                **PARTIES**

16        10.     Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-

17   profit conservation organization with offices throughout the United States, and its

18   primary office is located in Tucson. The Center works to secure a future for all species,

19   great and small, hovering on the brink of extinction through science, law, and creative

20   media, with a focus on protecting the lands, waters, and climate that species need to

21   survive. The Center has approximately 1.7 million members and supporters.

22        11.     The Center and its members are harmed by USAF's FOIA violations as

23   they prevent the Center from gaining a full understanding of USAF's activities and their

24   impacts. The Center intends to use the requested information to better understand the

25   impacts of airspace expansion on the natural environment in the southwestern United

26   States.

27        12.     USAF's failure to comply with FOIA harms the Center's ability to provide

28   full, accurate, and current information to the public on a matter of significant public

---

Complaint for Declaratory and Injunctive Relief                                    Page 3

1  interest. Without this information the Center cannot advance its mission, with its

2  members, to protect native species and their habitat.

3        13.    Defendants U.S. AIR FORCE and U.S. AIR NATIONAL GUARD are

4  military departments within the U.S. Department of Defense within the Executive

5  Branch of the U.S. Government. As  military departments in possession and control of

6  the records sought by the Center, the U.S. Air Force and U.S. Air National Guard are

7  subject to FOIA requirements and are responsible for fulfilling the Center's FOIA

8  request. 5 U.S.C. § 552(f).

9  **STATUTORY BACKGROUND**

10        14.    The purpose of FOIA is to increase government transparency by creating a

11  public right to federal agency records. Inquiries under FOIA must be addressed with a

12  presumption in favor of disclosure.

13        15.    FOIA requires federal government agencies to "promptly" release

14  requested records to the public unless the requested records fall under one of FOIA's

15  nine specified exemptions. 5 U.S.C. § 552(a)(3)(A), (b).

16        16.    An agency must determine within twenty working days of receiving a

17  request whether it will release requested records and immediately notify the requester of

18  its determination and the reasoning for it. 5 U.S.C. § 552(a)(6)(A)(i). Also within twenty

19  working days, the agency must inform the requester that it has a right to appeal the

20  agency's determination. *Id.* § 552(a)(6)(A)(i). The agency must make a determination

21  with respect to any such appeal within another 20 days. *Id.* § 552(a)(6)(A)(ii).

22        17.    Only in "unusual circumstances" may an agency extend the time to make a

23  final determination of whether it will comply with a request or grant an appeal by at

24  most ten additional working days. *Id.* § 552(a)(6)(B)(i). To do so, it must provide written

25  notice to the requester setting forth the unusual circumstances for the extension and "the

26  date on which a determination is expected to be dispatched." *Id.*

27        18.    Exhaustion of administrative remedies is a prerequisite to judicial review,

28  and under the FOIA, a requester is deemed to have exhausted administrative remedies

1    with respect to a request if the agency fails to comply with the applicable time limits. *Id*

2    § 552(a)(6)(C)(i).

3         19.    Requested records must be provided at no cost to the requester, or in some

4    cases, at a reduced charge, "if disclosure of the information is in the public interest

5    because it is likely to contribute significantly to public understanding of the operations

6    or activities of the government and is not primarily in the commercial interest of the

7    requester." 5 U.S.C. § 552(a)(4)(A)(iii). Department of Defense FOIA regulations

8    provide that requesters are entitled to such waiver or reduction in fees where (i)

9    disclosure of the requested information would shed light on the operations or activities

10   of the government and the subject of the request concerns identifiable operations or

11   activities of the federal government, (ii) disclosure would be likely to contribute

12   significantly to public understanding of those operations or activities, and (iii) the

13   disclosure is not primarily in the commercial interest of the requester. 32 C.F.R.

14   §286.12(l)(2).

15        20.    Agencies are further limited in their ability to assess fees where they fail to

16   comply with time limits for making determinations for whether to comply with requests

17   or responding to appeals. 5 U.S.C. § 552(a)(4)(A)(viii).

18        21.    FOIA requires each agency to make reasonable efforts to search for

19   records in a manner that is reasonably calculated to locate all records that are responsive

20   to the FOIA request. *Id.* § 552(a)(3)(C)-(D). Using the date of a FOIA request as the cut-

21   off date for its search is not always reasonable, while using the date that the agency

22   commences its search has consistently been found to be reasonable.

23        22.    FOIA places the burden on the agency to prove that it may withhold

24   responsive records from a requester. *Id.* § 552(a)(4)(B).

25        23.    The U.S. District Courts have jurisdiction "to enjoin the agency from

26   withholding agency records and to order the production of agency records improperly

27   withheld from the complainant." *Id.* § 552(a)(4)(B).

28

---

1    24.    FOIA permits this Court to assess "reasonable attorney fees and other

2    litigation costs reasonably incurred in any case…in which the complainant has

3    substantially prevailed." 5 U.S.C. 552(a)(4)(E)(i).

4                            **FACTUAL BACKGROUND**

5                    **Background to the Center's FOIA Requests**

6    25.    Luke Air Force Base ("Luke AFB"), Davis-Monthan Air Force Base

7    ("Davis-Monthan AFB"), and Morris Air National Guard ("Morris ANG") are the three

8    bases in Arizona that use the MOAs that the *SUA Optimization in Arizona* proposal aims

9    to optimize.

10    26.    The proposal by USAF allegedly addresses training deficiencies associated

11    with insufficient airspace by lowering permitted flight altitudes, authorizing supersonic

12    flight at low altitudes, authorizing release of chaff, and lowering minimum altitudes for

13    releasing flares.

14    27.    The Center and its members are concerned about the impacts that these

15    changes will have on public lands, sensitive wildlife and ecosystems, and communities

16    in the affected areas. It seeks additional information about the proposal and intends to

17    share the information with members and the public to increase public awareness about

18    the proposal and its impacts.

19

20                    **The Center's FOIA Requests to USAF**

21    28.    On December 20, 2022 the Center sent FOIA requests to Luke AFB,

22    Davis-Monthan AFB, and Morris ANG requesting the following eight categories of

23    records: (1) records documenting missions, operational plans, and training exercises

24    using 10 MOAs, including missions over federally recognized Native American

25    Reservation Lands and military training routes ("MTRs") that fall within these areas; (2)

26    records from January 1, 2020 to the date of search indicating ongoing military operations

27    on bases utilizing the 10 MOAs and MTRs that include foreign partners, and the identity

28    of foreign partners; (3) records and communications from January 1, 2020 to date of

1  search mentioning, including, and/or referencing a Regional Special Use Airspace

2  Optimization Plan for the Southwest United States, including but not limited to studies,

3  maps, and planning records that impact the 10 MOAs included in the *SUA Optimization*

4  *in Arizona* proposal; (4) data and records from January 1, 2020 to date of search

5  mentioning, including, and/or referencing claims that the three bases involved in the

6  *SUA Optimization in Arizona* proposal need to modify the existing special use airspace

7  ("SUA") because the existing airspace does not have the optimum volume, proximity,

8  configuration, or attributes needed to support "existing training deficiencies" or "future

9  training deficiencies" and the data that supports the claim' (5) Noise and disturbance

10  complaints received by Luke Air Force Base, Davis-Monthan Air Force Base, and

11  Morris Air National Guard Base from January 1, 2021 to the date of search, including

12  responses of the bases; (6) records and all public comments received during the scoping

13  period of the *EIS for SUA Optimization in Arizona* proposal; (7) records from January 1,

14  2020 to the date of search that demonstrate specific efforts to comply with the Federal

15  Aviation Administration ("FAA") regulations to fly at least 2,000 feet above the surface

16  of specially-designated federal areas below the 10 MOAs and associated MTRs; and (8)

17  mapped locations of the recorded and/or designated Avoidance Areas within the 10

18  MOAs and MTRs, including created maps, communications, and internal and external

19  discussions regarding creating and enforcement of these Avoidance Areas.

20       29.    The Center included in its FOIA request a request for fee waiver

21  explaining that as a non-profit organization seeking information for non-commercial

22  reasons which would help a broad audience of persons to better understand government

23  operations and activities, it is entitled to a fee waiver as provided by FOIA and DoD

24  Regulations. 5 U.S.C. § 552(a)(4)(A)(iii); 32 CFR 286.12.

25       **Luke AFB's Responses to the Center's FOIA Request**

26       30.    Having received no communication from Luke AFB, on January 30, 2023

27  – 26 working days after the Center submitted its FOIA request – the Center sought

28  confirmation of receipt and acknowledgement of the request.

Complaint for Declaratory and Injunctive Relief                   Page 7

1

2

3      31.    Again, having received no communication from Luke AFB, on February 23, 2023 – 43 working days after the Center submitted its FOIA request – the Center sought confirmation of receipt and acknowledgment of the request.

4

5      32.    For a third time, on April 6, 2023 – 73 working days after the Center submitted its FOIA request – the Center requested confirmation of receipt and

6      acknowledgment of the request.

7      33.    On April 18, 2023 – 81 working days after the Center submitted its request

8      and sent three inquiries into whether it was received – Luke AFB finally acknowledged

9      receipt of the request via email. In this email, Luke AFB stated that the Center would be

10     required to pay fees to receive the requested information but did not explain why it had

11     denied the Center's fee waiver request or acknowledge that such a request had been

12     submitted. Luke AFB requested that the Center either submit a withdrawal of the request

13     or an agreement to pay fees by April 25, 2023.

14     34.    The same day, in response to Luke AFB's email, the Center reattached the

15     fee waiver request and reminded Luke AFB that as a nonprofit organization with no

16     commercial interest in the requested information, government agencies are expected to

17     grant its fee waivers.

18     35.    On April 19, 2023, Luke AFB replied with text copied from Section

19     286.12 of DoD's FOIA regulations containing criteria to be met for fee waiver approval.

20     36.    The same day, the Center sent a reply email once again attaching the

21     original fee waiver request and explaining that it contained the Center's responses to the

22     criteria to which Luke AFB referred.

23     37.    Receiving no communication from Luke AFB, the Center sent Luke AFB

24     an email on May 9, 2023 inquiring about the status of its fee waiver request.

25     38.    On May 11, 2023 Luke AFB replied with an email summarily stating that

26     the fee waiver did not meet the criteria for fee waivers and that the requested records

27     "will not contribute significantly more to the public's already significant understanding

28

of the Air Force mission involving flying military aircraft, as well as its requirement to comply with provisions of the FOIA and 32 C.F.R. 286."

39.     On May 18, 2023 the Center sent an appeal letter to Luke AFB challenging the denial of the fee waiver, reiterating and expanding on its explanation for why it is entitled to a fee waiver. Luke AFB confirmed receipt the same day.

40.     On September 18, 2023 – 83 working days after the appeal was submitted and far past the twenty working day deadline for making determinations on appeals – Luke AFB sent the Center an email denying, without explanation, the Center's appeal of Luke AFB's fee waiver denial. The entirety of the email said only that "[t]he Fee waiver was denied. Please submit an agreement to pay fees by 22 September to continue processing the request. Without the agreement to pay fees, we will close the request."

41.     The same day, lacking an explanation of the appeal denial, the Center requested that Luke AFB provide a basis for the fee waiver denial. Luke AFB responded that the appeal was rejected "on the basis that the requester has not demonstrated that its requested release will make a significant contribution to the public's understanding of government operations or activities."

42.     The same day, the Center responded with an email requesting that Luke AFB provide a fee estimate to determine how to proceed.

43.     On September 25, 2023, having received no response from Luke AFB regarding a fee estimate, the Center again emailed a request for a fee estimate.

44.     On September 28, 2023, Luke AFB replied that it was "waiting on several different offices to respond to our request for the estimate."

45.     On October 2, 2023, Luke AFB sent an email stating that the estimated fee for providing the requested records was $61,000. The email did not contain a breakdown of the number into search, duplication, or review amounts. The email also did not contain a date by which the Center was required to provide an amount it was willing to pay or an agreement to pay.

46.     On October 17, 2023 – just 10 working days after the fee estimate was provided, Luke AFB sent a letter notifying the Center that it had closed the request because "no further communication ha[d] been received" following the fee estimate. The letter included a notice that the Center could appeal the determination to the Secretary of the Air Force.

47.     On November 20, 2023, the Center sent a letter to Luke AFB appealing the improper closure and excessive fee assessment associated with the FOIA request.

48.     On November 29, 2023 Luke AFB replied with a confirmation of receipt of the appeal, as well as notice that it would not be able to process the request within 20 working days "due to the large volume of records requested." The appeal was assigned a case number 2024.00024-A.

49.     On January 8, 2024 USAF emailed the Center stating that "upon further review, we are approving the fee waiver as requested."

50.     On January 9, 2024 the Center sent Luke AFB a letter titled "Notice of Deadline Violation, Offer to Assist, and Request for Estimated Date of Completion for FOIA Request LUKE AB 2023-03312 (AZ Air Space Optimization 22)" which conveyed the Center's intent to pursue litigation to compel production of records if Luke AFB failed to produce a record response and provide an estimated completion date.

51.     On January 10, 2024, Luke AFB sent the Center a letter acknowledging that the appeal was granted and an email stating that it was unable to provide a completion date due to the volume of records requested, and that instead it would provide "weekly updates."

52.     Since then, the Center has received seven of these "updates" from Luke AFB. The three most recent of these updates state that the request was being processed by the Office of Primary Responsibility (OPR), then USAF headquarters, and most recently on April 5, 2024, the OPR again. The updates do not contain an estimated date by which all or even some of the records can be expected, or a determination regarding which records, if any, it will release.

---

Complaint for Declaratory and Injunctive Relief                                    Page 10

1    53.    As of the commencement of this litigation, more than 16 months after the

2    initial request was made, no records were received. After the initial complaint was filed,

3    Luke AFB released 182 pages of documents that were partially unreadable, and relevant

4    only to items 1 and 8 of the Center's request. Luke AFB did not address the missing

5    documents responsive to items 2 through 7 or indicate whether it was withholding any

6    responsive documents.

7    **Davis-Monthan AFB's Responses to the Center's FOIA Request**

8    54.    Having received no communication from Davis-Monthan AFB, on January

9    30, 2023 – 26 working days after the Center submitted its FOIA request – the Center

10   sought confirmation of receipt and acknowledgement of the request.

11   55.    Again, having received no communication from Davis-Monthan AFB, on

12   February 23, 2023 – 43 working days after the Center submitted its FOIA request – the

13   Center sought confirmation of receipt and acknowledgment of the request.

14   56.    For a third time, on April 6, 2023 – 73 working days after the Center

15   submitted its FOIA request – the Center requested confirmation of receipt and

16   acknowledgment of the request.

17   57.    Finally, on April 17, 2023, Davis-Monthan AFB acknowledged receipt of

18   the request, conveyed intent to respond to the request within 30 days, and stated that the

19   Center had been placed in the "Educational or Noncommercial Scientific Institution or

20   News Media" fee category.

21   58.    On April 25, 2023, Davis-Monthan sent another email denying the

22   Center's fee waiver request and stating that the Center had been placed in the "Other"

23   fee category with no explanation for the change in fee category or for the denial.

24   59.    On May 9, 2023, the Center sent an appeal of the fee waiver denial to

25   Davis-Monthan AFB, once again providing extensive explanation of how the Center

26   meets each factor required for a fee waiver and offering to pay up to $25 to keep the

27   request open while the appeal was processed.

28

Complaint for Declaratory and Injunctive Relief                                    Page 11

1    60.    The same day, Davis-Monthan AFB confirmed receipt of the appeal of the

2    fee waiver denial. Since then, the Center has received no information indicating

3    continued processing of the appeal.

4    61.    On September 30, 2024, Davis-Monthan AFB sent a determination as to

5    Item 5 of the Center's FOIA request and released 57 pages with certain redactions for

6    claimed exemption under 5 U.S.C. §552(b)(6). Davis-Monthan made no reference to the

7    remaining 7 items in the Center's request or to the Center's pending appeal of its fee

8    waiver denial.

9

10    **Morris ANG's Responses to the Center's FOIA Request**

11    62.    60. On December 21, 2023, Morris ANG confirmed receipt of the Center's

12    FOIA request.

13    63.    On April 10, 2023, Morris ANG sent a letter notifying the Center that it

14    was partially transferring the request to Luke AFB, Davis-Monthan AFB, and the

15    National Geospatial-Intelligence Agency.

16    64.    Since then, the Center has not received any documents or a determination

17    as to whether Morris ANG will comply with the request.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**
**Violation of the Freedom of Information Act**
<u>Failure to Make a Determination Within FOIA Deadline</u>

22    65.    The Center realleges and incorporates by reference all preceding

23    paragraphs.

24    66.    FOIA provides a 20-working day determination deadline for determining

25    whether to comply with a request, with the option of invoking a 10-working day

26    deadline extension for "unusual circumstances" by providing written notice to the

27    requester. 5 U.S.C. § 552(a)(6)(A)(i).

28

1      67.    The Center has a statutory right to a lawful final determination from USAF

2  in a manner that complies with FOIA.

3      68.    Luke AFB, Davis-Monthan AFB, and Morris ANG failed to provide the

4  Center with a determination within the statutorily allotted time period.

5      69.    Based on the nature of the Center's organizational activities, it will

6  undoubtedly continue to employ FOIA's provisions in record requests to USAF in the

7  foreseeable future.

8      70.    The Center's organizational activities will be adversely affected if USAF

9  continues to violate FOIA's disclosure provisions as it has in this case.

10     71.    Unless enjoined and made subject to a declaration of Plaintiff's legal rights

11  by this Court, USAF will continue to violate Plaintiff's rights to receive public records

12  under FOIA.

**SECOND CLAIM FOR RELIEF**
**Violation of the Freedom of Information Act**
<u>Failure to Conduct an Adequate Search for Records Responsive to the FOIA Request</u>

16     72.    The Center realleges and incorporates by reference all preceding

17  paragraphs.

18     73.    The Center has a statutory right to have USAF process its FOIA requests

19  in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3).

20     74.    USAF violated the Center's rights in this regard when it unlawfully failed

21  to undertake a search that is reasonably calculated to locate all records that are

22  responsive to the Center's FOIA request.

23     75.    Based on the nature of the Center's organizational activities, it will

24  undoubtedly continue to employ FOIA's provisions in record requests to USAF in the

25  foreseeable future.

26     76.    The Center's organizational activities will be adversely affected if USAF

27  continues to violate FOIA's disclosure provisions as it has in this case.

28

77.    Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, USAF will continue to violate Plaintiff's rights to receive public records under FOIA.

**THIRD CLAIM FOR RELIEF**
**Violation of the Freedom of Information Act**
Failure to Promptly Disclose all Responsive Records/Unlawful Exemptions

78.    The Center realleges and incorporates by reference the preceding paragraphs.

79.    USAF is required to disclose documents unless they fall within one of nine narrowly defined statutory exemptions. 5 U.S.C. § 552(b)(1)-(9).

80.    The Center has a statutory right to the records it seeks and none of FOIA's nine exemptions to mandatory disclosure apply such that USAF can withhold records from the Center.

81.    Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to USAF in the foreseeable future.

82.    The Center's organizational activities will be adversely affected if USAF continues to violate FOIA's disclosure provisions as it has in this case.

83.    Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, USAF will continue to violate Plaintiff's rights to receive public records under FOIA.

**FOURTH CLAIM FOR RELIEF**
**Violation of the Freedom of Information Act**
Failure to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records

84.    The Center realleges and incorporates by reference the preceding paragraphs.

85.    USAF must disclose any reasonably segregable portion of a record for which it claims an exemption. 5 U.S.C. § 552(b).

86.    USAF violated the Center's statutory right to reasonably segregable portions of records that contain information that is subject to any of FOIA's exemptions.

87.    Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to USAF in the foreseeable future.

88.    The Center's organizational activities will be adversely affected if USAF continues to violate FOIA's disclosure provisions as it has in this case.

89.    Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, USAF will continue to violate Plaintiff's rights to receive public records under FOIA.

**FIFTH CLAIM FOR RELIEF**
**Violation of the Freedom of Information Act**
Davis-Monthan's Failure to Grant a Fee Waiver to Which the Center is Entitled

90.    The Center realleges and incorporates by reference the preceding paragraphs.

91.    Requested records must be provided at no cost to the requester, or in some cases, at a reduced charge, "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).

92.    Agencies are also not permitted to assess search fees where they have failed to comply with FOIA's statutory deadlines for response. 5 U.S.C. § 552(a)(4)(A)(viii).

93.    The Center is entitled to a fee waiver for its FOIA request because it is a nonprofit organization intending to use the requested information to further the public understanding of the SUA Optimization in Arizona proposal, and its impact on the lands and habitat affected by USAF's proposed activities.

94.    USAF is additionally prohibited from assessing search fees for the Center's requests because it has missed its statutory deadlines for making determinations

1   for whether to comply with the Center's request and for responding to its fee waiver

2   appeal.

3        95.     Based on the nature of the Center's organizational activities, it will

4   undoubtedly continue to employ FOIA's provisions in record requests to USAF in the

5   foreseeable future.

6        96.     The Center's organizational activities will be adversely affected if USAF

7   continues to violate FOIA's fee provisions as it has in this case.

8        97.     Unless enjoined and made subject to a declaration of Plaintiff's legal rights

9   by this Court, USAF will continue to violate Plaintiff's rights to receive public records

10  under FOIA.

11                              **RELIEF REQUESTED**

12       For the foregoing reasons, the Center respectfully requests that the Court:

13       1.      Order USAF to conduct a search that is reasonably calculated to locate all

14  records responsive to the Center's FOIA request, with the cutoff date for the search

15  being the date the search is conducted, and to provide the Center with all responsive

16  records and reasonably segregable portions of lawfully exempt records sought in this

17  action at no charge.

18       2.      Declare that USAF has violated the FOIA by failing to make a timely

19  determination as to the Center's FOIA request.

20       3.      Declare that USAF's failure to undertake a search that is reasonably

21  calculated to locate all records that are responsive to the Center's FOIA request, as

22  alleged above, is unlawful under FOIA.

23       4.      Declare that USAF's failure to provide Plaintiff with reasonably

24  segregable portions of records which may be lawfully subject to a FOIA exemption, as

25  alleged above, is unlawful under FOIA.

26       5.      Declare that USAF's failure to grant the Center's fee waiver is unlawful

27  under FOIA.

28

---

1         6.     Award the Center its costs and reasonable attorney fees pursuant to 5

2    U.S.C. § 552(a)(4)(E).

3         7.     Grant such other and further relief as the Court may deem just and proper.

4

5    Respectfully Submitted this 4th Day of October, 2024.

6

7    /s/*Trisha Sharma*
     Trisha Sharma (OR Bar No. 235094)
     Center for Biological Diversity
8    P.O. Box 11374
     Portland, OR 97211
9    Phone: (507)-990-2617
     Email: tsharma@biologicaldiversity.org
10

11   Brian Segee (Cal. Bar No. 200795)
     Center for Biological Diversity
12   226 W. Ojai Ave., Ste. 101-442
     Ojai, CA 93023-3278
13   Phone: (805) 750-8852
     Email: bsegee@biologicaldiversity.org
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

Complaint for Declaratory and Injunctive Relief           Page 17