GARY M. RESTAINO
United States Attorney
District of Arizona
MICHAEL L. LINTON
Arizona State Bar No. 024729
Assistant U.S. Attorney
Evo A. DeConcini United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
michael.linton@usdoj.gov
*Attorneys for the Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Center for Biological Diversity, a non-profit organization,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. Air Force, Air National Guard,<br><br>Defendants. | CV-24-02215-TUC-PHX-JJT<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELEIF** |

Answering Plaintiff's First Amended Complaint for Declaratory and Injunctive Relief (Doc. 16) (the "First Amended Complaint"), Defendants United States Air Force and Air National Guard, ("Defendants") admit, deny, and allege as follows.

**INTRODUCTION**

1. Answering Paragraph 1 of the First Amended Complaint, Defendants state that the allegations constitute a characterization of the nature of the case and legal conclusions, to which no response is required. However, to the extent an answer is deemed necessary, Defendants deny these allegations.

2. Answering Paragraph 2 of the First Amended Complaint, Plaintiff states a legal conclusion regarding obligations of federal agencies under FOIA to which no response is required. As to the remaining allegations in the Complaint, Defendants admit that Plaintiff's request seeks eight categories of records documenting missions, operational plans, and training exercises associated with the USAF and National Guard using 10

specified Military Operation Areas ("MOAs" and specific information regarding the *SUA Optimization in Arizona* proposal.  Defendants deny all remaining allegations in Paragraph 2 of the First Amended Complaint.

3. Answering Paragraph 3 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted therein and therefore deny them.

4. Answering Paragraph 4 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

5. Answering Paragraph 5 of the First Amended Complaint, Defendants admit that Luke Air Force Base ("Luke AFB") granted Plaintiff a fee waiver on appeal. Defendants also affirmatively allege that Defendants have provided documents responsive to the FOIA request.  Defendants deny the remainder of the allegations in Paragraph 5 of the First Amended Complaint.

6. Answering Paragraph 6 of the First Amended Complaint, Defendants deny they committed any unlawful conduct and further deny Plaintiff is entitled to the relief requested.  Defendants deny the remainder of the allegations in Paragraph 6 of the First Amended Complaint.

**JURISDICTION**

7. Paragraph 7 of the First Amended Complaint states legal conclusions regarding jurisdiction to which no response is required.

8. Answering Paragraph 8 of the First Amended Complaint, Defendants admit that a substantial part of the events or omissions giving rise to the claims occurred within this District.  Defendants are without knowledge or information sufficient to form a belief as to the location of Plaintiff's primary office.  Defendants further admit that venue is proper in this Court.

9. Defendants deny the allegations in Paragraph 9 of the First Amended Complaint.

**PARTIES**

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Count 10 of the First Amended Complaint and therefore deny them.

11. Answering Paragraph 11 of the First Amended Complaint, Defendants deny they violated FOIA or any other law and that any of their actions caused harm to Plaintiff or its members. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Count 11 of the First Amended Complaint and therefore deny them.

12. Answering Paragraph 12 of the First Amended Complaint, Defendants deny they failed to comply with FOIA or any other law and that any of its actions caused harm of any kind. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Count 12 of the First Amended Complaint and therefore deny them.

13. Answering Paragraph 13 of the First Amended Complaint, Defendants admit that the U.S. Air Force and U.S. Air National Guard are military departments within the Department of the Defense within the Executive Branch of the U.S. Government. The remainder of Plaintiff's allegations in Paragraph 13 state legal conclusions to which no response is required. However, to the extent a response is required, Defendants deny the allegations.

**STATUTORY BACKGROUND**

14. The allegations in Paragraph 14 of the First Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

15. The allegations in Paragraph 15 of the First Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

16. The allegations in Paragraph 16 of the First Amended Complaint state legal

conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

17. The allegations in Paragraph 17 of the First Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

18. The allegations in Paragraph 18 of the First Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

19. The allegations in Paragraph 19 of the First Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

20. The allegations in Paragraph 20 of the First Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

21. The allegations in Paragraph 21 of the First Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

22. The allegations in Paragraph 22 of the First Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

23. The allegations in Paragraph 23 of the First Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

24. The allegations in Paragraph 24 of the First Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

///

///

## FACTUAL BACKGROUND

### Background to the Centers FOIA Requests

25. Defendants admit the allegations in Paragraph 25 of the First Amended Complaint.

26. Answering Paragraph 26 of the First Amended Complaint, Defendants admit the proposed action addresses training deficiencies identified in Paragraph 26 of the First Amended Complaint, among other measures.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Count 27 of the First Amended Complaint and therefore deny them.

### The Center's FOIA Requests to USAF

28. Answering Paragraph 28 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to whether Plaintiff sent a FOIA request to USAF Luke Air Force Base, Davis Monthan Air Force Base, and Morris Air National Guard Base on December 20, 2022. Defendants affirmatively allege that the request was received via an email inbox at usaf.pentagon.saf-aa.mbx.haf-foia-workflow@mail.mil. As to the remaining allegations in the First Amended Complaint, Defendants refer to the Plaintiff's cited source material for a true and accurate description of the contents therein. Defendants deny the remaining allegations in Paragraph 28 of the First Amended Complaint.

29. Defendants admit the allegations in Paragraph 29 of the First Amended Complaint.

### Luke AFB's Responses to the Center's FOIA Request[1]

30. Answering Paragraph 30 of the First Amended Complaint, the United States Air Force ("USAF") is without knowledge and information sufficient to form a belief as to

---

[1] The United States Air Force individually answers Paragraphs 30-61 of the First Amended Complaint as stated below. The Air National Guard is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraphs 30-61 of the First Amended Complaint and therefore denies them.

the truth of the remaining allegations in Paragraph 30 of the First Amended Complaint and therefore denies them.

31.     Answering Paragraph 31 of the First Amended Complaint, USAF is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 of the First Amended Complaint and therefore denies them.

32.     Answering Paragraph 32 of the First Amended Complaint, USAF admits that on April 6, 2023, it received an email at the HAF FOIA workflow inbox seeking confirmation of receipt of the FOIA request. USAF is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 of the First Amended Complaint and therefore denies them.

33.     Answering Paragraph 33 of the First Amended Complaint, USAF admits Luke AFB sent an email acknowledging receipt of the request. USAF admits that Luke AFB stated that the Plaintiff would be required to pay a fee. USAF affirmatively alleges that, on April 18, 2023, Luke Air Force Base estimated that the fees would be in excess of $100. USAF admits that it requested that the Plaintiff either submit a withdrawal of the request or an agreement to pay fees by April 25, 2023. USAF denies the remaining allegations in Paragraph 33 of the First Amended Complaint.

34.     Answering Paragraph 34 of the First Amended Complaint, USAF admits it received from Plaintiff the fee waiver request reattached to correspondence and that Plaintiff stated that government agencies are expected to grant fee waivers to nonprofit organizations. USAF denies the remainder of the allegations in Paragraph 34 of the First Amended Complaint.

35.     USAF admits the allegations in Paragraph 35 of the First Amended Complaint.

36.     Answering Paragraph 36 of the First Amended Complaint, USAF admits that Plaintiff sent a reply email attaching the original fee waiver request. USAF denies the remaining allegations in Paragraph 36 of the First Amended Complaint.

37.     Answering Paragraph 37 of the First Amended Complaint, USAF admits it

received an email from Plaintiff on May 9, 2023, inquiring about the status of the fee waiver request. USAF is without knowledge or information as to the remaining allegations in Paragraph 37 of the First Amended Complaint and therefore denies them.

38. USAF admits the allegations in Paragraph 38 of the First Amended Complaint.

39. Answering Paragraph 39 of the First Amended Complaint, USAF is without knowledge and information sufficient to form a basis as to the truth of the allegations and therefore denies them.

40. Answering Paragraph 40 of the First Amended Complaint, USAF admits that Luke AFB sent Plaintiff a reply and basis denying the appeal of the fee waiver denial on September 15, 2023. As to the remaining allegations in Paragraph 40 in the First Amended Complaint, USAF refers to the Plaintiff's cited source material for a true and accurate description of the contents therein. USAF denies the remainder of the allegations in Paragraph 40 of the First Amended Complaint.

41. Answering Paragraph 41 of the First Amended Complaint, USAF admits that on September 18, 2023, it received a request from Plaintiff that Luke AFB provide a basis for the fee waiver denial. USAF further admits that Luke AFB informed Plaintiff that it did not meet the criteria for granting a fee waiver and provided the reasons therefore. USAF refers to the Plaintiff's cited source material for a true and accurate description of the contents therein. USAF denies the remaining allegations in Paragraph 41 of the First Amended Complaint.

42. Answering the allegations in Paragraph 42 of the First Amended Complaint, USAF admits that Luke AFB received an email requesting that Luke AFB provide a fee estimate to determine how to proceed on September 18, 2023. USAF is without knowledge and information sufficient to form a basis as to the truth of the allegations and therefore denies them.

43. Answering Paragraph 43 of the First Amended Complaint, USAF admits that it received an email from Plaintiff requesting a fee estimate on September 25, 2023. USAF

is without information or knowledge to form a belief as to the truth of the remaining allegations and therefore deny them.

44. USAF admits the allegations in Paragraph 44 of the First Amended Complaint but refer to the Plaintiff's cited source material for a true and accurate description of the contents therein.

45. Answering Paragraph 45 of the First Amended Complaint, USAF admits that Luke AFB sent a fee estimate of $61,000. As to the remaining allegations in Paragraph 45 of the First Amended Complaint, USAF refers to the Plaintiff's cited source material for a true and accurate description of the contents therein.

46. USAF admits the allegations in Paragraph 46 of the First Amended Complaint.

47. Answering Paragraph 47 of the First Amended Complaint, USAF admits only that on November 20, 2023, Luke AFB received a letter from Plaintiff appealing the closure and fee assessment associated with the FOIA request. USAF denies the remaining allegations in Paragraph 47 of the First Amended Complaint.

48. USAF admits the allegations in Paragraph 48 of the First Amended Complaint.

49. USAF admits the allegations in Paragraph 49 of the First Amended Complaint.

50. Answering Paragraph 50 of the First Amended Complaint, USAF is without knowledge and information sufficient to form a basis as to the truth of the allegations and therefore denies them.

51. USAF admits the allegations in Paragraph 51 of the First Amended Complaint.

52. Answering Paragraph 52 of the First Amended Complaint, USAF admits that Luke AFB provided updates to the Plaintiff. Defendants admit that three of these updates state that the request was being processed by the Office of Primary Responsibility (OPR) and USAF headquarters. USAF refers to the Plaintiff's cited source material for a true and

accurate description of the contents therein. USAF affirmatively alleges that Luke AFB has since provided additional material responsive to this request. USAF denies the remaining allegations in Paragraph 52 of the First Amended Complaint.

53. Answering Paragraph 53 of the First Amended Complaint, USAF admits that Luke AFB initially released 182 pages of responsive documents. USAF affirmatively alleges that Luke AFB has since provided legible copies of these documents and has provided material responsive to this request on July 31, 2024, and November 7, 2024. USAF denies the remaining allegations in Paragraph 53 of the First Amended Complaint.

**Davis-Monthan AFB's Responses to the Center's FOIA Request**

54. Answering the allegations in Paragraph 54 of the First Amended Complaint, USAF is without knowledge and information sufficient to form a belief as to the truth of the allegations asserted and therefore denies them.

55. Answering Paragraph 55 of the First Amended Complaint, USAF is without knowledge and information sufficient to form a belief as to the truth of the allegations asserted and therefore deny them.

56. Answering Paragraph 56 of the First Amended Complaint, USAF admits only that it received a request from Plaintiff requesting confirmation of receipt and acknowledgement of the request on April 6, 2023, via email to the HAF FOIA workflow inbox. As to the remaining allegations in Paragraph 54 of the First Amended Complaint, USAF is without knowledge and information sufficient to form a belief as to the truth of the allegations asserted and therefore denies them.

57. Answering Paragraph 57 of the First Amended Complaint, USAF admits only that Davis Monthan Air Force Base ("DM AFB") acknowledged receipt of the request on April 17, 2023, conveyed an estimate that it would respond within 30 working days, and stated that the request had been placed in the "Educational or Noncommercial Scientific Institution or News Media" fee category. USAF denies the remaining allegations in Paragraph 57 of the First Amended Complaint.

58. Answering Paragraph 58 of the First Amended Complaint, USAF admits

only that DM AFB denied the fee waiver request on April 25, 2023.  USAF denies the remaining allegations in Paragraph 58 of the First Amended Complaint.

59. Answering Paragraph 59 of the First Amended Complaint, USAF admits it received correspondence requesting an appeal of the fee waiver from Plaintiff on May 9, 2023, and offering to pay $25.00 to keep the request open while the appeal was processed.  USAF denies the remaining allegations in Paragraph 59 of the First Amended Complaint.

60. USAF denies the allegations in Paragraph 60 of the First Amended Complaint.

61. Answering Paragraph 61 of the First Amended Complaint, Defendants admit that DM AFB sent a determination as to Item 5 of Plaintiff's FOIA request and released 57 pages with certain redactions for exemptions under 5 U.S.C. § 552(b)(6).  Defendants affirmatively allege that through responses provided on September 30, 2024, October 28, 2024, and November 7, 2024, DM AFB and the United States Air Force provided material responsive to this request.  On October 28, 2024, DM AFB advised that it assessed no fee in processing the request.  USAF denies the remaining allegations in Paragraph 61 of the First Amended Complaint.

### Morris ANG's Responses to the Center's FOIA Request[2]

62. The Air National Guard ("ANG") denies the allegations in Paragraph 62 of the First Amended Complaint.

63. ANG admits the allegations in Paragraph 63 of the First Amended Complaint.  ANG refers to the Plaintiff's cited source material for a true and accurate description of the contents therein.

64. ANG denies the allegations in Paragraph 64 of the First Amended Complaint.

///

---

[2] The Air National Guard individually answers Paragraphs 62-64 of the First Amended Complaint as stated below.  The USAF is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraphs 62-64 of the First Amended Complaint and therefore denies them.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### (Failure to Make a Determination within FOIA Deadline)

65. Answering Paragraph 65 of the First Amended Complaint, Defendants incorporate their answers to all proceeding paragraphs of the First Amended Complaint as if fully set forth herein.

66. Answering Paragraph 66 of the First Amended Complaint, Plaintiff states a legal conclusion to which no response is required. However, to the extent an answer is deemed necessary, Defendants deny these allegations.

67. Answering Paragraph 67 of the First Amended Complaint, Plaintiff states a legal conclusion to which no response is required. However, to the extent an answer is deemed necessary, Defendants deny these allegations.

68. Answering Paragraph 68 of the First Amended Complaint, Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations asserted and therefore deny them.

69. Answering Paragraph 69 of the First Amended Complaint, Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations asserted and therefore deny them.

70. Defendants deny the allegations in Paragraph 70 of the First Amended Complaint.

71. Defendants deny the allegations in Paragraph 71 of the First Amended Complaint.

## SECOND CLAIM FOR RELIEF

### Violation of the Freedom of Information Act

<u>Failure to Conduct an Adequate Search for Records Responsive to the FOIA Request</u>

72. Answering Paragraph 72 of the First Amended Complaint, Defendants incorporate their answers to all proceeding paragraphs of the First Amended Complaint as if fully set forth herein.

1. 73. Answering Paragraph 73 of the First Amended Complaint, Plaintiff states a legal conclusion to which no response is required. However, to the extent an answer is deemed necessary, Defendants deny these allegations.

2. 74. Defendants deny the allegations in Paragraph 74 of the First Amended Complaint.

3. 75. Answering Paragraph 75 of the First Amended Complaint, Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations asserted and therefore deny them.

4. 76. Defendants deny the allegations in Paragraph 76 of the First Amended Complaint.

5. 77. Defendants deny the allegations in Paragraph 77 of the First Amended Complaint.

## THIRD CLAIM FOR RELIEF

### Violation of the Freedom of Information Act

<u>Failure to Promptly Disclose All Responsive Records/Unlawful Exemptions</u>

78. Answering Paragraph 78 of the First Amended Complaint, Defendants incorporate their answers to all proceeding paragraphs of the First Amended Complaint as if fully set forth herein.

79. Answering Paragraph 79 of the First Amended Complaint, Plaintiff states a legal conclusion to which no response is required. However, to the extent an answer is deemed necessary, Defendants deny these allegations.

80. Defendant denies the allegations in Paragraph 80 of the First Amended Complaint.

81. Answering Paragraph 81 of the First Amended Complaint, Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations asserted and therefore deny them.

82. Defendants deny the allegations in Paragraph 82 of the First Amended Complaint.

83. Defendants deny the allegations in Paragraph 83 of the First Amended Complaint.

## FOURTH CLAIM FOR RELIEF

### Violation of the Freedom of Information Act

Failure to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records

84. Answering Paragraph 84 of the First Amended Complaint, Defendants incorporate their answers to all proceeding paragraphs of the First Amended Complaint as if fully set forth herein.

85. Answering Paragraph 85 of the First Amended Complaint, Plaintiff states a legal conclusion to which no response is required. However, to the extent an answer is deemed necessary, Defendants deny these allegations.

86. Defendants deny the allegations in Paragraph 86 of the First Amended Complaint.

87. Answering Paragraph 87 of the First Amended Complaint, Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations asserted and therefore deny them.

88. Defendants deny the allegations in Paragraph 88 of the First Amended Complaint.

89. Defendants deny the allegations in Paragraph 89 of the First Amended Complaint.

## FIFTH CLAIM FOR RELEIF

### Violation of the Freedom of Information Act

Davis-Monthan Failure to Grant a Fee Waiver to Which the Center is Entitled

90. Answering Paragraph 90 of the First Amended Complaint, Defendants incorporate their answers to all proceeding paragraphs of the First Amended Complaint as if fully set forth herein.

91. Answering Paragraph 91 of the First Amended Complaint, Plaintiff states a legal conclusion to which no response is required. However, to the extent an answer is

deemed necessary, Defendants deny these allegations.

92. Answering Paragraph 92 of the First Amended Complaint, Plaintiff states a legal conclusion to which no response is required.

93. Defendants deny the allegations in Paragraph 93 of the First Amended Complaint.

94. Defendants deny the allegations in Paragraph 94 of the First Amended Complaint.

95. Answering Paragraph 95 of the First Amended Complaint, Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations asserted and therefore deny them.

96. Defendants deny the allegations in Paragraph 96 of the First Amended Complaint.

97. Defendants deny the allegations in Paragraph 97 of the First Amended Complaint.

98. Defendants deny Plaintiff is entitled to the relief requested in Paragraphs 1 to 7 of the Relief Requested section of its First Amended Complaint.

## **GENERAL DENIAL**

99. Except as expressly addressed below, Defendants deny each and every allegation in Plaintiff's First Amended Complaint (including, without limitation, any allegation contained in any preamble, or headings or subheadings of Plaintiff's First Amended Complaint) and specifically denies any liability to Plaintiff for any conduct of any kind or nature whatsoever. Defendants deny each and every allegation of Plaintiff's Complaint not expressly admitted. Defendants expressly reserve the right to seek to amend and/or supplement this Answer as may be necessary.

## **AFFIRMATIVE DEFENSES**

100. Subject to further investigation and discovery, Plaintiff may have failed to exhaust administrative remedies, and therefore the Court lacks jurisdiction over certain claims.

101. Defendants have conducted adequate searches and met their obligations under FOIA. Any and all information withheld is exempt from disclosure under FOIA.

102. Defendants have complied with FOIA, 5 U.S.C. § 552. Defendants have disclosed the requested records to the extent required under FOIA. Any information withheld is exempt from disclosure under FOIA.

103. Defendants respectfully request and reserve the right to amend, alter and/or supplement the responses and defenses in this Answer as the facts and circumstances giving rise to the become known to them during litigation. Defendants expressly preserve and do not knowingly or intentionally waive any affirmative defenses set forth in Fed. R. Civ. P. 8(c).

WHEREFORE, having fully answered, Defendants respectfully request that the Court dismiss the Complaint with prejudice, enter judgment in favor of Defendants, grant Plaintiff no relief, and grant Defendants such further relief as the Court deems just and proper.

Respectfully submitted this 25th day of November, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

s/Michael L. Linton
MICHAEL L. LINTON
Assistant U.S. Attorney